# WELCH & COMPANY
*v.*
# CENTRÁL SAN CRISTOBAL, INC.

San Juan, Equity, No. 940.

OFFER OF LETTERS IN EVIDENCE.

Evidence—Letters.

　　A letterpress copy book of a corporation cannot be offered in evidence without showing the loss of the letters of which it purports. to contain copies. The letters themselves may be admitted subject. to full proof, and the fact that some are signed by an officer personally is not material if it is shown that the matter treated of is corporate business.

Opinion filed October 30, 1914.

*Mr. H. G. Molina* for complainant.

*Mr. J. Henri Brown* for United States Mortgage & Trust Company.

*Mr. F. R. Graves* for Fajardo Sugar Company.

Welch & Co. v. Central San Cristobal.

HAMILTON, Judge, delivered the following opinion:

Counsel for Welch & Company offer in evidence certain letters purporting to be signed by Central San Cristobal or by one or more officers of that company, and also a letter book said to belong to Welch & Company, but not so proved, containing alleged letterpress copies of answers to those San Cristobal letters. Objection is made on several grounds. In the first place, taking them in reverse order, it is urged that all of this was merged in a contract and that preliminary negotiations would not be admissible. Then, again, as to the letters, that they are not shown to have been mailed and received. As to the book, that it is not shown to be the letterpress copy book, and furthermore, if it was, it would be secondary evidence. And moreover the objection is made to certain of the letters that they are personal letters of Church and Mumford and others, and not letters of the company.

The objection as to there being a contract in which everything is merged does not seem to be well taken, certainly not as to parts of the transaction. The transaction between Welch & Company and Central San Cristobal covers apparently four or five different kinds of claims, and the contract, if there ever was a contract, certainly did not cover them all, and does not seem to cover the part to which the letters refer. That ground will be overruled.

Then as to the letters themselves not being shown to have passed between the parties. That is true. If this was all there was of the case, the court would have to sustain that objection, but here are papers which in a general way, according to common knowledge, seem to be letters, have the appearance

of being letters, and the signatures have been identified as being the signatures of officers of the company; so the court will admit them subject to the further proof, which counsel says will be made, that they were mailed and were received by the parties. The matter of order of proof or method of proof is discretionary from the necessity of the case. If the court would not let a piece of evidence in until everything had been proved about it, we could never finish a case, because everything canot be proved at once. It has to be by one fact or one question at a time. So the court will admit the letters on the understanding just mentioned.

As to the letter book, however, the situation seems to be somewhat different. There is nothing yet to show that it is a letter book of Welch & Company, and there is nothing yet to show that the letters purporting to be copied there were ever sent or received. At the most, the letter book would be secondary evidence, and the court does not think the time has arrived to allow the admission of secondary evidence. So for the present the court will sustain the objection to the admission of the letter book.

As to the letters which seem in their form to be personal letters, it would be almost impracticable to pass upon that point at present. The court would have to take the letters and examine them. So the ruling as to them probably had better be that they are admitted with the other letters, subject to further examination of each one of them by the court to see whether they do form a part of the general correspondence. The objection that they are signed personally would by itself be overruled. It is not a question of how the letters are signed, but of what are the contents of the letters, and whether they were acted on

Welch & Co. v. Central San Cristobal.

as corporate letters. From the necessity of modern business it often happens, the court judicially knows, that all the forms of corporate contract and corporate correspondence are not carried out. The point, especially in a court of equity, which looks to the essence rather than to the form, is whether a letter is a part of this transaction now in dispute, not as to whether it was properly signed. So that the objection is overruled as to the individual letters, with the right reserved, however, if a particular letter seems not to belong in there, to rule it out later.